UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS CORNELLE CARSWELL,

               Petitioner,                          Case No. 10-12097
                                                              Honorable Patrick J. Duggan

v.

SHIRLEE HARRY,

               Respondent.
_____ /

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

On May 25, 2010, Cornelius Cornelle Carswell ("Petitioner"), a state prisoner currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 convictions for kidnapping in violation of Michigan Compiled Laws § 750.349 and assault with intent to do great bodily harm less than murder in violation of Michigan Compiled Laws § 750.84. For the reasons that follow, the Court denies Petitioner's request for habeas relief.

### Factual and Procedural Background

This Court reiterates the facts relevant to Petitioner's convictions that were relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1):

On March 20, 2005, the victim, Dontay Pinkston, was visiting his girlfriend

at her friend's house in Detroit, Michigan, where several people were gathered. At some point, Pinkston's friend, John Thompkin, arrived at the house and repeatedly accused Pinkston of stealing marijuana and a gun. Pinkston denied taking the marijuana, and Thompkin told Pinkston not to leave the house and that defendant Mathis was on his way to kill Pinkston.

Defendant Mathis, Tyrece Gooden, and defendant Carswell forcefully entered the house, and, according to Pinkston, Mathis pointed a gun at him, so he ran and hid in the attic. Thompkin grabbed Pinkston out of the attic, and Gooden, Carswell, and Thompkin dragged Pinkston down the stairs. Pinkston stated that they all had weapons.

Once downstairs, defendant Mathis began questioning Pinkston about the marijuana and gun. When Pinkston denied having either, defendant Mathis threatened to kill him and hit him in the jaw. The men then started to beat up Pinkston, and they pulled him out of the house and threw him into the back of defendant Mathis's vehicle. The men then blindfolded Pinkston, drove around and beat him, looking for a place to kill him, until Pinkston dove out the back window.

*People v. Carswell*, No. 268081, 2007 WL 1712621, at *1 (Mich. Ct. App. June 14, 2007) (unpublished opinion). Based on these events, Petitioner was charged with kidnapping, assault with intent to do great bodily harm less than murder, assault with a dangerous weapon, and felony firearm.

Following a bench trial in the Circuit Court for Wayne County, Michigan, Petitioner was convicted of kidnapping and assault with intent to do great bodily harm less than murder. He was acquitted of the remaining charges. The trial court subsequently sentenced Petitioner to prison for a term of 135 months to 40 years for the kidnapping conviction and two and a half to ten years for the assault conviction.

Petitioner filed a direct appeal asserting that there was insufficient evidence to sustain his convictions and that the trial court incorrectly scored offense variable one and

2

two when it scored his sentencing guidelines.  The Michigan Court of Appeals affirmed

Petitioner's convictions and sentence.  *Id.*  Petitioner then filed a delayed application for

leave to appeal in the Michigan Supreme Court, in which he raised the same insufficiency

of the evidence and sentencing claims as well as ineffective assistance of trial and

appellate counsel claims.  The Court denied Petitioner's application for leave to appeal

and his subsequently filed motion for reconsideration on April 28 and July 29, 2008,

respectively.  *People v. Carswell*, 480 Mich. 1185, 747 N.W.2d 262, *reconsideration*

*denied* 482 Mich. 899, 753 N.W.2d 159 (Mich. 2008).

Petitioner thereafter filed a motion for relief from judgment in the trial court

asserting that his Fourteenth Amendment Rights were violated because there was

insufficient evidence to support his kidnapping conviction and because the trial court

erroneously scored his sentencing guidelines.  The trial court denied his motion in an

opinion and order issued December 2, 2008.  (Doc. 1 Appx. D.)  The Michigan Court of

Appeals denied Petitioner's application for leave to appeal this decision and his

subsequent motion for reconsideration on June 12 and July 10, 2009, respectively.  (Doc.

1 Appx. E.)  The Michigan Supreme Court denied his application for leave to appeal on

January 29, 2010.  *People v. Carswell*, 485 Mich. 1074, 777 N.W.2d 174 (2010).

Petitioner next filed two motions for correction of record and sentence in the trial

court, arguing that the trial court erred in assessing points for the use of a gun when

calculating Petitioner's guidelines range where Petitioner was acquitted of the weapon

charges.  In separate decisions issued July 8 and December 11, 2009, the trial court

3

denied Petitioner's motions reasoning that Michigan's sentencing guidelines requires the assessment of points for gun use in cases involving multiple offenders if one offender is assigned points for the use or presence of a weapon.  (Doc. 1 Appx. F, G.)

In his pending habeas petition filed May 25, 2010, Petitioner asserts the following grounds for relief:

I.      Petitioner's Fourteenth Amendment Right to Due Process was violated where his kidnapping conviction was not supported by sufficient evidence.

II.     Petitioner's Fourteenth Amendment Right to Due Process was violated where his sentence was enhanced based on [a] charge for which he was not convicted.

III.    Petitioner was clearly denied his Sixth Amendment Right to effective assistance of trial counsel by his attorney's failure to:

1.      exercise sound strategy by cross-examining the complainant or any of the state's witnesses;
2.      interview and present known favorable defense witnesses; and
3.      Investigate and present potential mitigating evidence that challenged complainant's credibility.

IV.     Petitioner was denied his Sixth Amendment Right to effective assistance of appellate counsel by his attorney's failure to raise the meritorious claim of ineffective assistance of trial counsel.

Respondent filed an answer to the petition on December 3, 2010, contending that Petitioner's first and second grounds for relief lack merit and that his third and fourth grounds are procedurally defaulted.  Petitioner filed a reply brief on January 13, 2011.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth

4

the standard of review for federal habeas proceedings:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. 2254(d).  In short, under §2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts."  *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

The Supreme Court has provided that under the "contrary to" clause "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 364-65, 120 S. Ct. 1495, 1498 (2000).  A federal habeas court may grant the claim under the "unreasonable application" clause "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively

5

reasonable." *Id*. at 409, 120 S. Ct. at 1521. The court may not issue a writ "simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411, 120 S. Ct. at 1522.

Where a state court denies relief on independent and adequate state procedural grounds, a habeas petitioner may only obtain relief if he can establish cause for the default and actual prejudice or that the failure to review the claims would result in a "fundamental miscarriage of justice." *See Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546 (1991)).

### Analysis

### Petitioner's Insufficiency of the Evidence Claim

Petitioner argues that there was insufficient evidence to support his kidnapping conviction. Specifically, Petitioner contends that there was insufficient evidence to support the asportation element of the offense.

The Michigan Court of Appeals applied the correct legal standard to evaluate Petitioner's sufficiency of the evidence claim: "Whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (emphasis in original); *see also Carswell*, 2007 WL 1712621, at *1. This standard is applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S.

6

at 324 n.16, 99 S. Ct. at 2792 n.16.

As outlined by the state appellate court, the elements of the crime of kidnapping

under Michigan Compiled Laws Section 750.349 are as follows:

> "(1) a forcible confinement of another within the state, (2) done willfully,
> maliciously and without lawful authority, (3) against the will of the person
> confined or imprisoned, and (4) an asportation of the victim which is not
> merely incidental to an underlying crime *unless* the crime involves murder,
> extortion or taking a hostage."

*Carswell*, 2007 WL 1712621, at *3 (quoting *People v. Wesley*, 421 Mich. 375, 388, 365

N.W.2d 692 (1984) (emphasis in original)).  The Michigan Court of Appeals rejected

Petitioner's claim that there was insufficient evidence to support the fourth element,

reasoning:

> Although Carswell argues that the prosecution failed to prove the
> asportation element of this offense because Pinkston was not abducted for
> the purpose of the kidnapping, but rather for the purpose of locating the
> stolen gun and drugs, the evidence presented showed otherwise. The
> evidence showed that Pinkston was abducted for the purpose of being killed
> over a stolen gun and drugs. After Pinkston repeatedly told the men that he
> did not steal anything from them, he was forced into Mathis's Tahoe and
> was told that he was going to be killed. While in the car, the men repeatedly
> told Pinkston that if he did not give them the marijuana, he was going to be
> killed. Pinkston said that the men continued to drive around and, while still
> beating him up, were looking for a place to kill him. The prosecution
> proved the elements of the offense, i.e., a forcible confinement of another
> within the state, done wilfully, maliciously and without lawful authority,
> against Pinkston's will, and an asportation of Pinkston.

*Id.*

The facts relied upon by the state court to support Petitioner's conviction, which

are based upon the victim's trial testimony, must be presumed correct on habeas review.

28 U.S.C. § 2254(d).  These facts support the asportation element of Petitioner's

kidnapping conviction.  Therefore, the state court's decision was neither contrary to nor an unreasonable application of Supreme Court precedent, nor was the decision based upon an unreasonable determination of the facts.  Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the elements of kidnapping beyond a reasonable doubt.

### Petitioner's Claim Challenging the Trial Court's Scoring of his Sentencing Guidelines

Petitioner argues that the trial court erred in enhancing his sentence based on a charge for which he was not convicted.  Specifically, Petitioner contends that because he was acquitted of the firearms charges and the trial court found that there were no guns, the trial court mis-scored Offense Variables 1 and 2 based on the presence or use of a weapon.[1]

A petitioner's claim that the state trial court incorrectly calculated his or her sentence under the state's sentencing guidelines is not cognizable on federal habeas review because it is basically a state law claim.  *See Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003).  "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475 (1991)).  Petitioner's claim that Offense Variables 1 and 2 of the Michigan Sentencing Guidelines were incorrectly scored therefore fails to state a claim upon which habeas relief can be

---

[1]Offense Variable 1 assesses points for the aggravated use of a weapon.  Mich. Comp. Laws § 777.31.  Offense Variable 2 assesses points for the "lethal potential of the weapon possessed or used."  *Id*. § 777.32.

granted.[2] *Id.*

**Petitioner's Ineffective Assistance of Trial and Appellate Counsel Claims**

Petitioner argues that his trial counsel was ineffective as a result of his failure to cross-examine the complainant or any of the state's witnesses, interview and present known favorable defense witnesses, and investigate and present potential mitigating evidence challenging the complainant's credibility. Petitioner contends that his appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness on appeal. Respondent argues that these claims are procedurally defaulted.

When the state courts clearly and expressly rely on a valid state procedural bar in denying a defendant's claims, "federal habeas review of the claims is also barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991). If the prisoner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533, 106 S. Ct. 2661, 2666 (1986). "[I]n an extraordinary case," however,

---

[2]Moreover, the trial court did not find that guns were not used. The Court only stated that it was not convinced beyond a reasonable doubt that guns were used in order to convict Petitioner and his co-defendant of the weapon offenses. (11/10/05 Trial Tr. at 32.) There was some evidence presented at Petitioner's trial, however, that gun(s) were used. Under Michigan law, "[a] sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score. . . A scoring decision will be upheld if there is *any* evidence to support it." *People v. Kegler*, 268 Mich. App. 187, 190, 706 N.W.2d 744, 746 (2005) (emphasis added) (citing *People v. Babcock*, 469 Mich. 247, 261, 666 N.W.2d 231 2003) (citing Mich. Comp. Laws § 769.34(10)).

"where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 866 (1995). Moreover, actual innocence which would permit collateral review of a procedurally defaulted claim means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998).

This Court is uncertain from the state trial court's opinion and order whether it relied on a state procedural rule in rejecting Petitioner's ineffective assistance of trial counsel claim. After analyzing Petitioner's insufficiency of the evidence and sentencing claims, the trial court in three paragraphs analyzed the merits of Petitioner's ineffective assistance of trial counsel claim. (*See* Doc. 1 Appx. D.) In its concluding paragraph, the trial court stated that this claim lacked merit, not that it was procedurally defaulted. (*Id.*) Clearly, by definition, Petitioner could not have raised his ineffective assistance of appellate counsel claim on direct appeal. Therefore, it was not procedurally defaulted. In any event, Petitioner's ineffective assistance of counsel claims lack merit.

To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must satisfy a two prong test. First, he must demonstrate that his counsel's performance was so deficient that the attorney "was not

10

functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687,104 S. Ct. 2052, 2064 (1984). To make this showing, Petitioner must overcome a strong presumption that his counsel was effective. *Id*. at 689, 104 S. Ct. at 2065. As the Supreme Court has advised, "a court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance . . . the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy." *Id*. Second, Petitioner must show that his counsel's deficient performance prejudiced his defense. *Id*. To demonstrate prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068.

Petitioner's claims of ineffectiveness are too bare and conclusory to support habeas relief. Petitioner fails to identify what question(s) his trial counsel should have asked the state's witnesses on cross-examination that his co-defendant's counsel did not ask; nor does Petitioner identify with specificity the witnesses his counsel should have called and what information those witnesses would have provided in support of his defense. "Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief." *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003). "Generally, a petition for habeas corpus relief based on counsel's failure to call witnesses must present this evidence in the form of the actual testimony by the witness or affidavits." *United States ex rel. Townsend v. Young*, No. 01 C 0800, 2001 WL 910387, at *5 (N.D. Ill. Aug.

11

8, 2001) (citing *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir.1991)); *see also*, *Pittman v. Florida*, No. 8:05-cv-1700, 2008 WL 2414027, at *12 (M.D. Fla. June 11, 2008). To the extent Petitioner argues that he is entitled to an evidentiary hearing to develop his claims, the Sixth Circuit has indicated that "bald assertions and conclusory allegations do not provide sufficient ground to warrant . . . an evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

In short, Petitioner is not entitled to habeas relief based on his ineffective assistance of trial or appellate counsel claims.

## Conclusion

For the reasons set forth above, this Court concludes that Petitioner's claims in support of his request for habeas relief lack merit. Therefore, the Court holds that Petitioner is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

When a district court enters a final order adverse to an applicant for a writ of habeas corpus, the court must issue or deny a certificate of appealability. Rule 11(a), Rules Governing §2254 Cases. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). For the reasons stated above, the Court concludes that Petitioner has failed to make a

12

substantial showing of the denial of a constitutional right.  The Court therefore declines to

issue Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that the petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that the Court **DECLINES** to issue Petitioner a

certificate of appealability.

Date:  October 4, 2011                        s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE


Copies to:
Cornelius Cornelle Carswell, #586447
Pugsley Correctional Facility
7401 E. Walton Road
Kingsley, MI   49649

AAG Laura Moody